654 S.E.2d 540

**In the Matter of Samuel Michael OGBURN, Respondent.**

No. 26404.

Supreme Court of South Carolina.

Submitted Nov. 6, 2007.
Decided Dec. 10, 2007.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Samuel Michael Ogburn, of Camden, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a range of sanctions from a confidential admonition to a sixty day suspension pursuant to Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and suspend respondent from the practice of law in this state for sixty days. The facts, as set forth in the Agreement, are as follows.

## FACTS

In handling a real estate transaction, respondent went to the home of a client to review all of the closing documents prior to the closing. Respondent witnessed the client sign all of the necessary documents. While respondent signed his name as a witness on the mortgage, no one else was present to function as a second witness to the execution of the mortgage by the client. When respondent returned to his office, he instructed a paralegal to sign her name, under oath, as the second witness to the mortgage and as personally witnessing the client's execution of the mortgage, despite the fact the paralegal was not present when the client signed the mort-

gage. Respondent notarized the paralegal's signature and statement even though he knew it was false. The mortgage was subsequently recorded in the appropriate county office.

During the course of the investigation by the Office of Disciplinary Counsel, in which respondent was fully cooperative, respondent testified that while it was his typical procedure when conducting closings in a client's home to contact the client before closing to insure an additional person would be present to witness the execution of certain documents, on approximately two to three other occasions, when another person was not present at a closing, respondent instructed a paralegal or another member of his staff to indicate on a document that they had witnessed the client's signature when, in fact, they had not been personally present for the execution. However, by way of affidavit in mitigation, respondent states that for over three years he has strictly required the presence of a second witness at every closing and has, in fact, refused to conduct closings on several occasions due to the lack of a second witness.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

Respondent also admits that he has violated Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, by violating the Rules of Professional Conduct.

### *Conclusion*

We find a sixty day suspension is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for sixty days.[1] Within fifteen days of

---

1. The Office of Disciplinary Counsel has requested an attorney to protect clients' interests be appointed, pursuant to Rule 31, RLDE, Rule

the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

413, SCACR, if a definite suspension is imposed. We have granted that request by separate order.